JAMES  METTLER  v.  DELAWARE,  LACKAWANNA  AND
WESTERN RAILROAD COMPANY.

Submitted July 3, 1908—Decided November 9, 1908.

A declaration averring, in effect, that the defendant, a common carrier
   of passengers, so negligently managed the operation of its railroad,
   and so failed in the exercise of reasonable precaution, that the
   plaintiff, a passenger, in a careful egress from the car, while it
   was at a standstill at a station, stepped upon a piece of loose
   rounded iron that laid carelessly and negligently concealed upon
   the platform of the car, whereby he was thrown and injured,
   states facts raising a duty on the part of the defendant to use a
   high degree of care to keep the platform of its car safe for the
   proper use of passengers, and discloses a breach of that duty re-
   sulting in injury to the plaintiff, and is good on demurrer.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-
ARD and MINTURN.

For the plaintiff, *John Francis Cahill* and *John A. Bern-
hard.*

For the defendant, *McCarter, Williamson & McCarter.*

The opinion of the court was delivered by

TRENCHARD, J.  The declaration in this case alleges in sub-
stance that the defendant owned and operated a steam railroad
as a common carrier of passengers; that it received the
plaintiff as a passenger on January 2d, 1905, and undertook to
transport him from Hackettstown to Newark, and that it was
the duty of the defendant to carry him on its railroad in
safety, and with due and proper care.  Then follows the allega-
tion: "Yet the said defendant, by its servants and agents, so
negligently, carelessly and unskillfully managed the operation
of said railroad, and failed in the exercise of reasonable pre-
caution, that the said plaintiff, while emerging from one car

of said train, and about to enter another thereto attached, while said train was standing at a station, stepped from the interior of said car to and upon the platform thereof, and thereupon, while in a careful act of egress, stepped upon a piece of loose rounded iron, which in the darkness—it being then after seven o'clock in the evening of said day and year last aforesaid—lay carelessly and negligently concealed upon said platform, a menace to life and limb," whereupon the plaintiff was thrown from the platform of the car and received the injuries for which he sues.

To this declaration the defendant has interposed a demurrer, and for grounds therefor, assigns and relies on the following:

(1) That the declaration fails to state that the alleged injury received by the plaintiff was due to any negligence on the part of the defendant.

(2) That it does not appear that the acts of negligence charged to the defendant in the declaration caused the injury.

The defendant does not dispute that the declaration sufficiently charges that the plaintiff was a passenger, nor is it denied that the company was under a duty to use a high degree of care to protect him from danger while upon its cars. *Delaware, Lackawanna and Western Railroad Co.* v. *Dailey,* 8 *Vroom* 526; *Whalen* v. *Consolidated Traction Co.,* 32 *Id.* 606.

The sole contention is that the declaration fails to state any facts showing a breach of such duty or which connect the injury with that omission.

We think there is no merit in the contention.

The declaration alleges, as we have seen, that the defendant so negligently managed the operation of its railroad, and so failed in the exercise of reasonable precaution, that the plaintiff, in a careful egress, stepped upon a piece of loose rounded iron carelessly and negligently concealed upon the platform of the car, whereby he was thrown and injured.

This, we think, states facts showing a breach of the defendant's duty to use a high degree of care to keep its platform, provided for the egress of passengers, safe for such purpose.

Of course, the declaration does not allege that an employe negligently left the iron upon the platform, or that an em-

ploye negligently failed to discover it. It was unnecessary so to do. It does state that the iron was lying there when the train was at a standstill at a station, at which time the platform is presumed to be safe. Whether or not the iron was there long enough to render the company liable for failure to discover it by inspection or observation (in case it did not place it there), is a matter of defence which the plaintiff need not aver, as that more properly comes from the defendant.

The facts stated disclose the existence of a duty, and its breach, resulting in injury to the plaintiff, which is all that is essential. *Millville Gas Light Co.* v. *Sweeten,* 46 *Vroom* 23; *Breese* v. *Trenton Horse Railroad Co.,* 23 *Id.* 250.

The plaintiff is entitled to judgment on the demurrer.